No. 23-20362
consolidated with
No. 23-20464

IN THE MATTER OF RIVERSTONE RESORT, L.L.C.,
*Debtor.*

AZHAR CHAUDHARY LAW FIRM, P.C.; AZHAR CHAUDHARY.,
*Appellants*,
v.
HAMZAH ALI,
*Appellee*,

consolidated with

No.23-20498

IN THE MATTER OF RIVERSTONE RESORT, L.L.C.,
*Debtor*,

RIVERSTONE RESORT, L.L.C.
*Appellant*,
v.
HAMZAH ALI,
*Appellee*,

consolidated with

No.23-20498

IN THE MATTER OF RIVERSTONE RESORT, L.L.C.,
*Debtor*,

HAMZA ALI,
*Appellant*,
v.
AZHAR CHAUDHARY LAW FIRM, P.C.; AZHAR MAHMOOD
CHAUDHARY
*Appellees*.
_____

**Appeals from the United States District Court
for the Southern District of Texas
Nos. 4:24-cv-1028, 4:23-CV-1354
4:23-CV-1361, 4:23-CV-1503**
_____

**APPELLEE RIVERSTONE RESORT, LLC'S PETITION FOR
PANEL REHEARING**
_____

Sanjay R. Chadha
SANJAY R. CHADHA, PLLC
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: 866.818.2328

J. Carl Cecere
State Bar No. 13268300
CECERE PC
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for Appellee Riverstone Resort, LLC*

# TABLE OF CONTENTS

Table of authorities ............................................................. ii

Course of proceedings ........................................................ 1

Reasons for granting rehearing ........................................... 4

Rehearing is warranted because the panel opinion remands for the Bankruptcy Court to consider grounds for tolling limitations that the Bankruptcy Court has already considered and rejected. ............................................................ 4

    A.    The Bankruptcy Court determined definitively that no misconduct by Chaudhary prevented Ali from suing for a constructive trust within the limitations period. ............................................................4

    B.    The Bankruptcy Court's determination was consistent with the evidence. ...................................8

Conclusion ......................................................................12

Certificate of service ........................................................13

Certificate of compliance ................................................13

ECF certifications ...........................................................14

# TABLE OF AUTHORITIES

**Cases**

*Cooter & Gell v. Hartmax Corp.*,
  496 U.S. 384 (1990)..................................................................... 12

*Computer Assoc. Intern. Inc. v. Altai Inc.*,
  918 S.W.2d 453 (Tex. 1996)........................................................ 6

*Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch.
  of Nursing*,
  116 S.W.3d 119 (Tex. App.—Houston [14th Dist.] 2002,
  pet. denied))...................................................................... 2, 5

*Gallier v. Woodbury Fin. Servs., Inc.*,
  171 F. Supp. 3d 552 (S.D. Tex. 2016) ...................................... 7

*Hanley v. First Inv'rs Corp.*,
  793 F. Supp. 719 (E.D. Tex. 1992) ........................................... 7

*Hays v. Hall*,
  488 S.W.2d 412 (Tex. 1972)........................................................ 6

*Taub v. Houston Pipeline Co.*,
  75 S.W.3d 606 (Tex. App. 2002)................................................. 8

*Willis v. Maverick*,
  760 S.W.2d 642 (Tex. 1988)) .................................................... 6

**Rules**

Fifth Cir. R. 40.1.2. ...................................................................... vi

# COURSE OF PROCEEDINGS

This case concerns a series of appeals that arise from the bankruptcy of Riverstone Resort, LLC. As part of those proceedings, Appellant Hamzah Ali brought suit in the Bankruptcy Court against Azhar Chaudhary, his former lawyer, as well as Chaudhary's law firm and Riverstone, an entity that Chaudhary owned. (Op. 3 [App. 1]). In that lawsuit, Ali claimed that Chaudhary had wrongfully taken certain money that Ali had paid him for legal services and invested it in the resort. (*Id.* 4). Ali claimed the advice he received from Chaudhary was bad and sought constructive trust on all property Riverstone owned in order to recover everything he had paid him. (*Id.*)

The Bankruptcy Court dismissed Ali's claims against Riverstone based on the statute of limitations and dismissed Ali's claims against Chaudhary and his firm after concluding that it lacked jurisdiction or should abstain. (Op. 2). All parties appealed to the District Court and then to this Court. (*Id.*)

The Court consolidated the parties' appeals and resolved them all in a single *Memorandum Opinion* issued on December 9, 2024. In that decision, the Court dismissed the appeals brought by Chaudhary, his

firm, and Riverstone, concluding that none of them were "aggrieved parties" entitled to appeal. (Op. 3). Yet the Court reversed the judgment in Riverstone's favor, concluding that the Bankruptcy Court did not fully consider whether the statute of limitations should have been equitably tolled on Ali's claims against Riverstone. (*Id.*)

The Court noted that there are two types of equitable tolling. The first concerns situations in which "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." (Op. 10) (quoting *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). The second concerns situations in which the "complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." (*Id.*) (quoting *Czerwinski*, 116 S.W.3d at 122-23). The Court concluded that the Bankruptcy Court had considered the former option for equitable tolling but not the latter. (*Id.*) And the Court remanded the case to allow the Bankruptcy Court to consider whether Ali's claims against Riverstone are subject to equitable tolling under second option.

But Riverstone respectfully submits that there is no logical basis

for remand. Contrary to what the Court concluded, the Bankruptcy Court *did* consider, and definitively ruled out, any basis for equitable tolling, by making the factual determination that there was no misconduct by Chaudhary that prevented Ali from filing suit within the limitations period. It is entirely understandable that the Court missed where the Bankruptcy Court made this factual determination, because the Bankruptcy Court's ruling on that issue does not appear in its written opinion. The Bankruptcy Court instead made that ruling on the record during the bench trial in this case. And in making that determination, the Bankruptcy Court did not mention equitable tolling specifically but expressed that determination in the course of ruling out any potential application of the discovery rule.

The Bankruptcy Court's determination is nonetheless definitive. And it leaves no doubt that the Bankruptcy Court conclusively ruled out the possibility that any alleged misconduct by Chaudhary prevented Ali from filing suit within the limitations period, and thereby ruled out any application of equitable tolling. So there is no reason for a remand. Consequently, rehearing is necessary for the Court to reconsider its understandable error.

## REASONS FOR GRANTING REHEARING

**Rehearing is warranted because the panel opinion remands for the Bankruptcy Court to consider grounds for tolling limitations that the Bankruptcy Court has already considered and rejected.**

The Rules of this Court emphasize the "[l]imited [n]ature" of a petition for panel rehearing, indicating that rehearing petitions should be reserved for situations in which there are "errors of fact or law in the opinion." Fifth Cir. R. 40.1.2. The present case warrants rehearing under that standard because the panel's opinion in this case contains errors of fact and law.

### A. The Bankruptcy Court determined definitively that no misconduct by Chaudhary prevented Ali from suing for a constructive trust within the limitations period.

The Court's sole reason for remanding any part of this case to the Bankruptcy Court resulted from its belief that the Bankruptcy Court did not consider the possibility that limitations should be tolled on Ali's claims against Riverstone under a form of equitable tolling that is permitted when the "complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." (Op. 10) (quoting *Czerwinski*, 116 S.W.3d at 122-23).

But respectfully, the reasoning behind the Court's decision to remand was incorrect. Despite what the Court believed, the Bankruptcy

Court made a definitive factual determination that *nothing*, including Chaudhary's alleged misconduct, prevented Ali from discovering the facts underlying his demand for a constructive trust against Riverstone within the limitations period. But the Bankruptcy Court did not make that determination in the written opinion it issued in this case. Instead, it made that determination on the record during trial. And the Bankruptcy Court did not make that decision within the context of equitable tolling specifically, but by rejecting any application of the discovery rule more generally.

Under Texas law, the discovery rule "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assoc. Intern. Inc. v. Altai Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). But the discovery rule operates only when the plaintiff's injury is "inherently undiscoverable": "where 'it is difficult for the injured party to learn of the negligent act or omission.'" *Altai Inc.*, 918 S.W.2d at 456 (quoting *Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex. 1988)). And the inherent undiscoverability standard "encompasses the requirement that the existence of the injury is not ordinarily discoverable, even though due

diligence has been used." *Altai*, 918 S.W.2d at 456.

In making the determination that an injury is inherently undiscoverable, Texas courts (and federal courts applying Texas law) take into account whether the defendant sought to conceal the facts giving rise to the plaintiff's claim in determining whether the plaintiff's injury is of the type to be inherently undiscoverable. *Id.* (citing *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex. 1972) ("One who undergoes a vasectomy operation, and then after tests *is told that he is sterile*, cannot know that he is still fertile, if that be the case, until either his wife becomes pregnant or he is shown to be fertile by further testing.") (emphasis added); *Gallier v. Woodbury Fin. Servs., Inc.*, 171 F. Supp. 3d 552, 564-65 (S.D. Tex. 2016) ("Courts applying Texas law have held that tortious injuries allegedly caused by misrepresentations about investments are often objectively verifiable but inherently undiscoverable within the limitations period."); *Hanley v. First Inv'rs Corp.*, 793 F. Supp. 719, 723 (E.D. Tex. 1992) (refusing to grant summary judgment on limitations defense where "[t]he gravamen of plaintiffs' complaint is not that the defendants sold them securities which fluctuated in value, but rather that the *defendants fraudulently misrepresented* the risks associated

with these securities," making it less "obvious" that fluctuations in value would put them on notice of a claim) (emphasis added).

Texas courts also recognize that equitable tolling and the discovery rule frequently turn on the same basic inquiry: Whether the defendant committed misconduct that prevented the plaintiff from discovering the facts necessary to file a lawsuit within the limitations period. *See Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 620 (Tex. App. 2002) (holding that the "same factors that made the injuries alleged … not 'inherently undiscoverable' also demonstrate a lack of fraudulent concealment."). Accordingly, a determination that the discovery rule is inapplicable will often be conclusive in determining whether equitable tolling applies.

That is exactly what happened in this case. The Bankruptcy Court stated on the record during the bench trial in this case that "I don't think the discovery rule is applicable in this case" to toll limitations on Ali's claims against Riverstone because Ali's alleged injury was not "inherently undiscoverable." (ROA.23-20507.1196.) And the Bankruptcy Court made that determination when the sole basis Ali offered for invoking the discovery rule was his contention that Chaudhary's alleged misconduct prevented Ali from uncovering the facts underlying his claim

for constructive trust. (ROA.23-20507.24; ROA.23-20507.1196.) This is a definitive ruling that *nothing*—including alleged misconduct by Chaudhary—prevented Ali from learning the facts underlying his claim for constructive trust. By negating the applicability of the discovery rule on that basis, the Bankruptcy Court thereby negated any applicability of equitable tolling. And the fact that the Bankruptcy Court has already made this definitive and conclusive ruling negates any need for a remand.

### B. The Bankruptcy Court's determination was consistent with the evidence.

The Bankruptcy Court's conclusion that no misconduct by Chaudhary prevented Ali from discovering the basis for his demand for a constructive trust against Riverstone is entirely consistent with the evidence. Indeed, the record is conclusive that Ali *did* discover the basis for his constructive trust claim within the limitations period.

The "maximum" limitations period that might have supported Ali's claim for constructive trust is four years. (Op. 9). And the transfer by Chaudhary to Riverstone that Ali challenges as the basis for constructive trust occurred on June 28, 2017 (ROA.23-20507.21), so limitations on any claim that would support that demand ran in 2021. Ali claims he did not learn of the transfer to Riverstone until the first quarter of 2022 (ROA.23-

20507.1255), after Riverstone had filed for bankruptcy.

But Ali was on notice of the transfer long before that point—and as far back as August 2017. That is because, far from hiding the translation from Ali, Chaudhry disclosed it to him *voluntarily*, and did so while Ali and Chaudhry were exploring the possibility of forming a partnership to purchase an apartment complex called the Redstone Apartments in Houston. (ROA.23-20464.695.) As part of that process, Ali and Chaudhry exchanged financial information regarding their assets for a loan application with LKI Capital. (ROA.23-20507.1257-1285; ROA.23-20507.1261.) And the information that Chaudhry disclosed during that process informed Ali that Chaudhry had formed an entity by the name of Riverstone Resort, LLC, and that Riverstone had purchased property that became the subject of Ali's demand for a constructive trust. So Ali knew as early as 2017 that Chaudhry had purchased an interest in the Riverstone Resort and used his own money to fund it—the same money that Ali claimed to have been taken wrongfully. (ROA.23-20498.1888.) Accordingly, when Ali sued Chaudhry and his firm in 2018, alleging that Chaudhry had wrongfully taken his money, he had every reason to suspect that the money had been used to fund the resort.

Ali later confirmed that he possessed that understanding in September 20, 2021, when he filed a notice of *lis pendens* in the Fort Bend County property records asserting constructive trust of all of Riverstone's property. In that *lis pendens*, Ali accused Chaudhary of "breach of fiduciary duty and legal malpractice," and claimed Chaudhary had used "funds … fraudulently obtained from Hamzah Ali" to "acquire interests in the property affected by the property affected by this *lis pendens* notice." (ROA.23-20507.1314-1315.) Ali therefore demonstrated through his own words that by August 20, 2021—over two months before limitations expired on October 25, 2021 (as determined by the Bankruptcy Court)—he had unquestionably come to fully understand the factual basis for his contention that the money he alleged Chaudhary had wrongfully taken from him had been invested in Riverstone. Ali simply came up with the plan to sue Riverstone in the Bankruptcy Court after he missed the deadline to sue Riverstone in the state court.

The Bankruptcy Court's conclusion that no vital facts had been hidden from Ali so as to be subject to the discovery rule—and therefore no vital facts had been hidden from him so as to allow equitable tolling—had a factual basis grounded in the evidence in this case. There is

therefore no basis to question the Bankruptcy Court's decision as fact-finder, much less any reason to conclude that decision was clearly erroneous. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990).

Indeed, Ali did not even challenge the court's holding on application of the discovery rule, and that precludes any challenge to the Bankruptcy Court's conclusion on equitable tolling. And that is yet another reason to uphold the Bankruptcy Court's definitive conclusion that no misconduct by Chaudhary prevented Ali from understanding the factual basis for his demand for a constructive trust.

## CONCLUSION

For these reasons, Riverstone Resort, LLC hereby respectfully requests that the Court grant this motion for rehearing and render judgment that Hamzah Ali's claims against Riverstone should be dismissed with prejudice.

Respectfully submitted,

*/s/ Sanjay R. Chadha*

Sanjay R. Chadha
SANJAY R. CHADHA, PLLC
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: 866.818.2328

J. Carl Cecere
State Bar No. 13268300
CECERE PC
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for Appellee Riverstone Resort, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 23, 2024, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service.

*/s/ J. Carl Cecere*

**J. Carl Cecere**

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 27 because this motion contains 2,129 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Century Schoolbook 14-point font produced by Microsoft Word software.

*/s/ J. Carl Cecere*

**J. Carl Cecere**

# ECF CERTIFICATIONS

I certify that the required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13, the electronic submission is an exact copy of the paper submission, and the document has been scanned for viruses and is free of viruses.

*/s/ J. Carl Cecere*

**J. Carl Cecere**

APP 1

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

No. 23-20362

CONSOLIDATED WITH

No. 23-20464

IN THE MATTER OF RIVERSTONE RESORT, L.L.C.,

*Debtor*,

AZHAR CHAUDHARY LAW FIRM, P.C.; AZHAR CHAUDHARY,

*Appellants*,

*versus*

HAMZAH ALI,

*Appellee*,

CONSOLIDATED WITH

No. 23-20498

IN THE MATTER OF RIVERSTONE RESORT, L.L.C.

*Debtor*,

RIVERSTONE RESORT, L.L.C.,

*Appellant*,

*versus*

Hamzah Ali,

*Appellee*,

consolidated with

_____

No. 23-20507

_____

In the Matter of Riverstone Resort, L.L.C.

*Debtor*,

Hamza Ali,

*Appellant*,

*versus*

Azhar Chaudhary Law Firm, P.C.;
Azhar Mahmood Chaudhary,

*Appellees*.

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:23-CV-1028, 4:23-CV-1354,
4:23-CV-1361, 4:23-CV-1503

_____

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

Before Smith, Clement, and Higginson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Seeking to recover money that Azhar Chaudhary, his former lawyer, had taken from him but had not earned, Hamzah Ali sued Chaudhary, Chaudhary's law firm, and Riverstone Resort, an entity owned by Chaudhary. The bankruptcy court granted judgment for Riverstone based on the statute of limitations and dismissed Ali's claims against Chaudhary and his firm, concluding that it lacked jurisdiction or should abstain.

Everyone appealed to the district court, then appealed again to this court. We dismiss Chaudhary's, his law firm's, and Riverstone's appeals because they are not aggrieved parties entitled to appeal. We reverse the judgment in favor of Riverstone because the bankruptcy court did not consider fully whether equitably to toll the limitations period.

## I.

In February 2017, Hamzah Ali, a legal immigrant from Yemen and Dubai, retained Chaudhary as his attorney and paid him $810,000 over the next three months. Chaudhary maintains that that money was a nonrefundable retainer, but Ali asserts that Chaudhary was supposed to bill him hourly.

Chaudhary testified that he helped Ali with visa renewals; U.S. permanent-residency applications; money transfers from Arab countries; the "travel ban"; security-clearance issues; investigations relating to supposed terrorist connections; and banking restrictions and frozen assets. But the bankruptcy court found that Chaudhary's testimony was mostly a lie. He did little work for Ali, the court concluded, and any work that he performed had little-to-no value. For example, the court found "nonsensical" that Chaudhary had advised Ali on security-clearance issues because Ali had never held a security clearance.

The relationship deteriorated over a period of eight months. Ali fired Chaudhary in October 2017 and reconnected with Gordon Quan, an attorney who had previously helped him with immigration matters. Quan told Ali that almost all of Chaudhary's advice was misleading or false.

In 2018, Ali sued Chaudhary and Azhar Chaudhary Law Firm, P.C. ("firm" or "law firm"), in Texas state court. He sought recovery based on breach of contract, *quantum meruit*, breach of fiduciary duty, fraud, negligence, and gross negligence. That lawsuit was still pending in 2023.

In October 2021, a limited liability company called Riverstone Resort ("Riverstone") filed for Chapter 11 bankruptcy (later converted to Chapter 7). Riverstone, which was owned by Chaudhary, had a single real-estate asset.

In May 2022, Ali sued Chaudhary, the law firm, and Riverstone in bankruptcy court. In his operative complaint, Ali alleged that Chaudhary and his firm (1) breached their fiduciary duty to him and (2) were unjustly enriched by the money they took from him. He also contended (3) that Chaudhary had transferred Ali's money to Riverstone and that Riverstone would be unjustly enriched if it kept that money. Among other remedies, Ali sought (4) a constructive trust over Riverstone's property.

At various times before trial, Chaudhary and his law firm had moved to dismiss and for summary judgment. The bankruptcy court partially dismissed the claims but left most of them standing for trial.

After a bench trial, the court granted a take-nothing judgment for Riverstone. It concluded that Ali had established all elements to win a Texas-law constructive trust over Riverstone's sole asset. But the statute of limitations had expired before Ali sued Riverstone in bankruptcy court and before Riverstone had even filed for bankruptcy. The court declined to toll limitations equitably.

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

The court dismissed Ali's claims against Chaudhary and his law firm, explaining that it either lacked jurisdiction or should abstain from deciding them. All parties appealed to the district court, raising issues like those they raise here. The district court dismissed all appeals, affirmed the bankruptcy court's judgment in favor of Riverstone, and entered final judgment for Chaudhary and the law firm. Everyone appealed to this court.

Appealing the judgment in favor of Riverstone, Ali posits that (1) the bankruptcy court erred when it failed equitably to toll limitations. Alternatively, he says that (2) the limitations period had not begun running because Chaudhary had fraudulently concealed Ali's cause of action by hiding Ali's money. Ali does not appeal the bankruptcy court's dismissal of the claims raised against Chaudhary and the law firm.

Chaudhary and the firm contend that the bankruptcy court (1) lacked subject-matter jurisdiction; (2) erred by failing to abstain from hearing claims against them; (3) issued an improper advisory opinion; and (4) incorrectly designated the adversary proceeding as a core bankruptcy proceeding.

Riverstone complains that the bankruptcy court (1) abused its discretion by refusing to postpone the trial on the eve of trial and by conducting trial in Riverstone's absence; (2) lacked subject-matter jurisdiction; (3) incorrectly designated the adversary proceeding a core bankruptcy proceeding; and (4) erred by retaining jurisdiction over the adversary proceeding after dismissing the bankruptcy.

We consolidated these four appeals.

## II.

We start with subject-matter jurisdiction, which we review *de novo*. *Natixis Funding Corp. v. GenOn Mid-Atl. Dev., L.L.C.* (*In re GenOn Mid-Atl. Dev., L.L.C.*), 42 F.4th 523, 533 (5th Cir. 2022). We need only address

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

Riverstone's challenge because the bankruptcy court dismissed the claims against Chaudhary and his firm.

Under 28 U.S.C. § 1334(b), a bankruptcy court has jurisdiction over "all civil proceedings related to bankruptcy cases. A proceeding relates to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the debtor's estate." *GenOn*, 42 F.4th at 534 (cleaned up).

The bankruptcy court had jurisdiction under § 1334(b). Ali sued Riverstone for a constructive trust during Riverstone's bankruptcy case. If Ali won, he would have gained "the right to recover the trust property from the bankruptcy trustee."[1] Ali's success would have had an "effect on the debtor's estate." *Id.* (cleaned up). And contrary to Riverstone's assertion, the court did not lose jurisdiction when Riverstone's bankruptcy ended.[2]

Riverstone also asserts that the court lacked subject-matter jurisdiction because the statute of limitations had expired. Not so. Under Texas law, the general rule is that "limitations is an affirmative defense, not a jurisdictional requirement." *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 169 n.40 (5th Cir. 2024) (cleaned up) (applying Texas law). Riverstone cites no apposite authority holding otherwise.[3]

---

[1] *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 436 (5th Cir. 1994); *see Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied).

[2] *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) ("[E]ven the closing of a bankruptcy case does not divest federal courts of [§] 1334(b) jurisdiction over cases that, when filed, were related to the bankruptcy . . . .").

[3] Riverstone points to *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636–37 (5th Cir. 2003). The government had waived sovereign immunity by statute, but only if claims were filed within two years. Because "the statute of limitations defense [was] based on the federal government's sovereign immunity," the defense was "not merely a waivable defense" but "operated to deprive federal courts of jurisdiction." *Id.* at 637 (cleaned up).

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

The bankruptcy court had subject-matter jurisdiction.

## III.

We next address Chaudhary's, his law firm's, and Riverstone's appeals.

"It is more than well-settled that only an aggrieved party may appeal a judgment." *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburg*, 876 F.3d 119, 126 (5th Cir. 2017) (cleaned up). A party is generally not "aggrieved" when it wins a favorable judgment, even if the trial court made "subsidiary finding[s] or conclusion[s]" that were unfavorable to the party. *Id.* That's because "appellate courts review judgments, not opinions." *United States v. Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir. 2015).[4] A winning party "may not appeal for the sole purpose of seeking a more favorable opinion from the [trial] court." *Id.* at 604.

Chaudhary, his law firm, and Riverstone all lack standing to appeal. Riverstone won a take-nothing judgment—a "full victory" for a defendant—after the bankruptcy court concluded that the statute of limitations had expired on any claims that Ali had asserted. *See Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539 (5th Cir. 2022). Similarly, the bankruptcy court dismissed Ali's claims against Chaudhary and his firm, which was exactly what they had wanted, and the district court entered final judgment in their favor. *Cooper Indus.*, 876 F.3d at 126 (holding that defendant who won dismissal was not "aggrieved").

The three defendants fall into none of the "handful of situations" in

_____

Riverstone, by contrast, has no sovereign immunity.

[4] *Cf. Texas v. Hopwood*, 518 U.S. 1033, 1033 (1996) (Ginsburg, J., respecting the denial of certiorari) ("This Court . . . reviews judgments, not opinions." (cleaned up)).

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

which a litigant may be "aggrieved by a favorable judgment." *Fletcher*, 805 F.3d at 602 (cleaned up). For instance, the winner may appeal if "the *judgment itself* contains prejudicial language on issues immaterial to the disposition of the case." *See id.* (cleaned up) (emphasis added). But the defendants ask this court to modify the bankruptcy court's opinion, not the judgment. Or a winning party may appeal "where collateral estoppel may harm [it] in future proceedings." *See id.* (cleaned up). That doesn't apply here, either, because the bankruptcy court's findings were unnecessary to the judgment, as they all assert.[5] Nor have the defendants shown that they "will suffer financial loss as a result of the judgment." *See id.* (cleaned up).

Unhappy with the bankruptcy court's opinion, the three defendants accuse the bankruptcy court of issuing an advisory opinion. They want this court to "strike that portion of the bankruptcy court's opinion that is advisory" or to direct the bankruptcy court to "withdraw" its "advisory opinion." But they have "failed to provide any authority showing that it is this court's role to nitpick a [bankruptcy] court's order sentence-by-sentence." *Flight Options, L.L.C. v. Int'l Bhd. of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017).

We dismiss Chaudhary's, his law firm's, and Riverstone's appeals.[6]

IV.

We turn to Ali's appeal.[7] He contends that the bankruptcy court

---

[5] *See Bradberry v. Jefferson County*, 732 F.3d 540, 548 (5th Cir. 2013) (explaining that collateral estoppel applies only where a decided issue was necessary to the judgment).

[6] We decline "to look past [Riverstone's] procedural misstep and treat [its] [appeal] . . . as an alternative ground for affirming its win." *See Domain Prot.*, 23 F.4th at 540. As we see from Riverstone's brief, Riverstone has no interest in affirmance but, instead, appeals only to change the bankruptcy court's memorandum opinion.

[7] On the eve of oral argument, Chaudhary and the firm moved to dismiss Ali's

incorrectly refused to toll limitations on his claims against Riverstone. "Questions of . . . whether the statute of limitations has run or whether equitable tolling applies are reviewed *de novo*."[8]

The parties agree that the limitations period was a maximum of four years for Ali's claims against Riverstone.[9] The bankruptcy court concluded that those four years expired on October 25, 2021, before Riverstone filed for bankruptcy and before Ali sued Riverstone in bankruptcy court.

Ali avers that the bankruptcy court erred when it refused to invoke equitable tolling. Alternatively, he says, limitations did not begin running in 2017 because Chaudhary fraudulently concealed Ali's cause of action.

We first consider equitable tolling. We look to state law for any provisions that may toll limitations for a state-law claim. *See Cruz v. Carpenter*, 893 F.2d 84, 86 (5th Cir. 1990). Under Texas law, equitable tolling may

---

appeal as "moot," asserting that Ali had abandoned his appeal by naming the wrong appellees. Ali's brief names only Chaudhary and the firm as appellees, even though the bankruptcy court granted judgment only for Riverstone.

We disagree that Ali has abandoned his appeal against Riverstone. Appealing the bankruptcy court's judgment, which addressed claims against only Riverstone, Ali could only have intended that Riverstone was the appellee. Riverstone also had notice of the appeal; it shares the same attorney with the firm and Chaudhary, who is Riverstone's owner.

Because we conclude that Ali hasn't abandoned his appeal against Riverstone, we need not decide whether abandonment would render the appeal "moot." Chaudhary's and the law firm's motion to dismiss is denied.

[8] *United States v. Corp. Mgmt., Inc.*, 78 F.4th 727, 742 (5th Cir. 2023) (quoting *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008)) (cleaned up).

[9] *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 409–10 (5th Cir. 2004) (holding that an action seeking a constructive-trust remedy takes its statute of limitations from the underlying cause of action); Tex. Civ. Prac. & Remedies Code § 16.004(a)(5) (four-year statute of limitations for breach of fiduciary duty).

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

extend the limitations period in at least two circumstances.[10]

The first circumstance doesn't apply here, as the bankruptcy court concluded. A court may equitably toll the limitations period "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period."[11] But procedural defects trigger equitable tolling only "in carefully circumscribed contexts" and "narrow circumstances."[12] One such defect is "misnomer—where the petition merely misnames the correct defendant."[13] Ali doesn't point to a similar mistake here; indeed, he maintains that he sued the *wrong* defendant.

The bankruptcy court did not consider the second option. A court may also equitably toll limitations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." *Czerwinski*, 116 S.W.3d at 123 (quoting *Rowe*, 967 F.2d at 192); *Smith*, 932 F.3d at 312 (explaining Texas law). Chaudhary took Ali's $810,000, and Ali timely sued Chaudhary and his firm in state court to recover it. But according to Ali, Chaudhary secretly transferred the money to Riverstone, which Chaudhary owned. Because of that trickery, Ali says that he didn't know that he had to sue Riverstone, instead of Chaudhary or the firm, to get

---

[10] *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Bilinsco Inc. v. Harris Cnty. Appraisal Distr.*, 321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 312 (5th Cir. 2019).

[11] *Czerwinski*, 116 S.W.3d at 122–23 (quoting *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992)); *accord Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.).

[12] Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd., 670 S.W.3d 622, 632 (Tex. 2023).

[13] *Id.* at 628.

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

his property back.[14]   By the time that Riverstone declared bankruptcy, limitations had expired, leaving Ali with no recourse against Riverstone.

The bankruptcy court erred by failing to consider this option.  We do not know all the facts, and we do not decide whether Ali would be entitled to equitable tolling under those facts.  We remand so that the bankruptcy court can consider that theory.

We need not consider Ali's other arguments.

\* \* \* \* \*

Chaudhary's, his law firm's, and Riverstone's appeals are DISMISSED.  Chaudhary's and his firm's motion to dismiss Ali's appeal as moot is DENIED.

The judgment of the district court, affirming the bankruptcy court's judgment in favor of Riverstone, is REVERSED, and the case is REMANDED to the district court with instruction to remand to the bankruptcy court for further proceedings consistent with this opinion.  We place no limitation on the matters that the bankruptcy or district court may consider or on what decisions they should reach.

---

[14] In both its response brief and its improper appeal, Riverstone failed to challenge the merits of Ali's claim against it.  It has accordingly forfeited any such challenge.  *See Cooper Indus.*, 876 F.3d at 127.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 09, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing
            or Rehearing En Banc

        No. 23-20362    Azhar Chaudhary Law v. Ali
                        USDC No. 4:23-CV-1028
        Consolidated with
        No. 23-20464    USDC No. 4:23-CV-1354
        Consolidated with
        No. 23-20498    USDC No. 4:23-CV-1361
        Consolidated with
        No. 23-20507    USDC No. 4:23-CV-1503

Enclosed is a copy of the court's decision.  The court has entered
judgment under Fed. R. App. P. 36.  (However, the opinion may yet
contain typographical or printing errors which are subject to
correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 39, 40, and 41
govern costs, rehearings, and mandates.  **Fed. R. App. P. 40 require
you to attach to your petition for panel rehearing or rehearing en
banc an unmarked copy of the court's opinion or order.**  Please
read carefully the Internal Operating Procedures (IOP's) following
Fed. R. App. P. 40 for a discussion of when a rehearing may be
appropriate, the legal standards applied and sanctions which may
be imposed if you make a nonmeritorious petition for rehearing en
banc.

<u>Direct Criminal Appeals</u>.  Fed. R. App. P. 41 provides that a motion
for a stay of mandate under Fed. R. App. P. 41 will not be granted
simply upon request.  The petition must set forth good cause for
a stay or clearly demonstrate that a substantial question will be
presented to the Supreme Court.  Otherwise, this court may deny
the motion and issue the mandate immediately.

<u>Pro Se Cases</u>.  If you were unsuccessful in the district court
and/or on appeal, and are considering filing a petition for
<u>certiorari</u> in the United States Supreme Court, you do not need to
file a motion for stay of mandate under Fed. R. App. P. 41.  The
issuance of the mandate does not affect the time, or your right,
to file with the Supreme Court.

<u>Court Appointed Counsel</u>.  Court appointed counsel is responsible
for filing petition(s) for rehearing(s) (panel and/or en banc) and
writ(s) of certiorari to the U.S. Supreme Court, unless relieved
of your obligation by court order.  If it is your intention to

file a motion to withdraw as counsel, you should notify your client promptly, **and advise them of the time limits for filing for rehearing and certiorari**. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that each party bear its own costs on appeal.


                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              *Lisa E. Ferrara*
                              By: _____
                              Lisa E. Ferrara, Deputy Clerk

Enclosure(s)

Mr. Sanjay R. Chadha
Mr. Azhar Mahmood Chaudhary
Mr. Johnie Patterson